[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the assessment of damages made by the defendant after a partial condemnation of property owned by the plaintiffs pursuant to a taking by the defendant for highway, including a bridge, purposes under the provisions of § 13a-73(b), General Statutes.
The plaintiffs appeal, pursuant to the provisions of § 13a-76, General Statutes, claiming to be aggrieved by the assessment of damages made in that they are inadequate. The court viewed the premises on November 10, 1998.
The property in question is located in the Town of Madison on the easterly side of the present Horse Pond Road. The partial condemnation contains 1918 square feet, more or less. It is necessary for the approach to the bridge over the main tracks of the New Haven Railroad which is being replaced. Also taken is full and perpetual sloping rights for the support of 42 square feet, more or less, of present Horse Pond Road, as shown on the map. A temporary work easement is also taken.
It is to be noted that at the time that the defendant filed his "notice of condemnation and assessment of damages", paragraph 2 of that notice (last sentence) stated "Damages are assessed at $2,500." Such was the status of the case at the start of trial. CT Page 14350
Both report of the plaintiffs' appraiser (Exhibit A) and the report of the defendant's appraiser (Exhibit 1) were made exhibits without objection at about the same time.
The plaintiffs' appraiser, Mr. Nadeau, selected the land value approach in arriving at his estimate of the value of the plaintiffs' land. This method is not dissimilar to the sale comparison approach except it is limited to land. Mr. Nadeau selected four properties only one of which was located in Madison, the sale taking place in 1993. His other selections were a sale in Clinton in 1995, a sale in Guilford in 1994 and a sale in East Haven in 1997.
The defendant's appraiser, Mr. Krawiec, used the sale comparison approach. The sales used by him were all in 1997 and the properties much closer to the plaintiffs' property in distance. We accept Mr. Krawiec's presentation and comparisons as more realistic.
The taking of three parking places in a business setup where parking is somewhat limited is, in the view of this court, a loss of substance, having in mind the demands of employees and the expectations of visiting customers or associates.
The court has no difficulty in visualizing large truck difficulties, in the plaintiffs' situation, which are beyond what the drivers were encountering prior to the taking. The difficulties have their origin in the loss of the three parking spaces.
Finally, this court cannot find from the data submitted by Mr. Nadeau that this matter warrants an award to the plaintiffs for remainder damages. We note that all Mr. Nadeau's comparisons are street level properties and none are properties with a railroad cut for a boundary line. We note also that in his section on Land Value Estimates (Exhibit A p. 36-49) at page 40 he lists a comparable located in Guilford (#3). Under "comments", he states "This property abuts the Hartford New Haven Railroad. The location and surrounding improvements are inferior." He does not use this comparable in his presentation on Remainder Damage. In his analysis of these selected comparables (Exhibit A p. 60-63) he does not mention that the subject property is bounded by a main line railroad cut on one side even under the section labeled "Location" (p. 61). CT Page 14351
Mr. Krawiec testified as a witness for the Commissioner of Transportation and submitted an appraisal report on his behalf. In his testimony and in his report he stated that as a result of the taking the plaintiffs' property had suffered damages in the total amount of $20,350. On inquiry by the court of the assistant attorney general who represented the Commissioner of Transportation, he responded that the Commissioner had approved that figure as the damages suffered by the plaintiffs as a result of the taking and authorized the increase of the assessment of damages in this case from $2,500 to $20,350. While the court agrees with this figure of $20,350 as representing proper damages for the land taken including the land occupied by the three parking places in the view that this court has of the matter, it does not compensate for the efforts the plaintiffs must now make to create replacement space to accommodate those employees or customers who were the losers. Nor does it compensate the plaintiffs for the effort they must now make to guider or have someone else guide, the larger trucks, who work on time, in and out of their property.
This court finds that the plaintiffs are aggrieved by the assessment of damages filed by the defendant.
Accordingly, the damages awarded to the plaintiff are reassessed by increasing them from a total of $20,350 to a total of $23,850.
Appraisal fee in the amount of $2,000 is awarded to the plaintiffs.
Harold M. Mulvey Judge Trial Referee